**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JERRY LEE ZASTERA,

                Petitioner - Appellant,

   v.

FRANK THOMPSON, Superintendent,
Santiam Correctional Institution,

                Respondent - Appellee.

No. 09-36141

D.C. No. 3:08-cv-00434-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Submitted July 11, 2011[**]
Portland, Oregon

Before: GOODWIN, PREGERSON, and M. SMITH, Circuit Judges.

    Jerry Lee Zastera petitions for a writ of habeas corpus, contending that the

trial court erred in denying his motion to sever the two cases against him. Because

the parties are familiar with the factual and procedural history of this case, we do

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

not recount additional facts except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm the judgment of the district court, and deny the petition.

Under the Antiterrorism and Effective Death Penalty Act of 1996, we may grant habeas relief only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The government contends that the state trial court could not have applied established federal law in an unreasonable manner, noting that no Supreme Court case has addressed the constitutional implications of joinder of indictments. Zastera argues, however, that the trial court's denial of his motion to sever the two cases against him violated his rights to a fair trial, *see Smith v. Phillips*, 455 U.S. 209, 217 (1982), and to testify in his own defense, *see Rock v. Arkansas*, 483 U.S. 44, 51 (1987).

Even applying the legal principles that Zastera advocates, however, the trial court did not apply clearly established federal law in an unreasonable manner. In the context of a trial court's denial of a motion to sever counts in a single indictment, a trial is unfair "if the impermissible joinder had a substantial and

2

injurious effect or influence in determining the jury's verdict," *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (citation and internal quotation marks omitted), and here there is no evidence that the trial court's denial of the motion to sever influenced the jury's verdict. Nor did Zastera make "a convincing showing that he [had] both important testimony to give concerning one [case] and a strong need to refrain from testifying on the other." *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980) (citation and internal quotation marks omitted).

**AFFIRMED.**